ORDERED.

**Dated:  April 20, 2018**

_Catherine McEwen_
Catherine Peek McEwen
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

THOMAS A. FALKNER,                              Case No. 8:16-bk-04019-CPM

    Debtor.                                              Chapter 11
_____/

**PRELIMINARY FINDINGS OF FACT AND
CONCLUSIONS OF LAW WITH RESPECT TO CONFIRMATION
OF PLAN OF REORGANIZATION UNDER CHAPTER 11
OF THE BANKRUPTCY CODE FOR THOMAS A. FALKNER, AS AMENDED**

THIS CASE came before the Court for hearing on April 10, 2018, at 2:00 p.m. (the "**Confirmation Hearing**") to consider: (i) confirmation of the *Plan of Reorganization Under Chapter 11 of the United States Bankruptcy of Thomas A. Falkner* dated December 1, 2017 (Doc. No. 151) (the "**Plan**"), as amended by the *Amendment to Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code for Thomas A. Falkner* dated February 21, 2018 (Doc. No. 206) (the "**Amendment**"), as amended by the *Second Amendment to Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code for Thomas A. Falkner* dated February 21, 2018 (Doc. No. 229) (the "**Second Amendment**"), and as amended by the *Third Amendment to Plan of Reorganization under Chapter 11 of the United States Bankruptcy Code for Thomas A.*


*Falkner* dated February 21, 2018 (Doc. No. 247) (the "**Third Amendment**")[1]; (ii) the *Objection of Howard Fertilizer & Chemical Company, Inc. to Confirmation of Debtor's Plan of Reorganization* (Doc. No. 236) (the "**Howard Objection**"); (iii) the *Joinder of Crop Production Services, Inc. in Objection of Howard Fertilizer & Chemical Company, Inc. to Confirmation of Debtor's Plan of Reorganization, as Amended* (Doc. No. 239) (the "**CPS Objection**"); (iv) *L&M's Joinder in Objection by Howard Fertilizer to Plan of Reorganization* (Doc. No. 240) (the "**L&M Objection**"); (v) the *United States Trustee's Objection to Confirmation of Debtor's Plan of Reorganization and Final Approval of Disclosure Statement* (Doc. No. 244) (the "**UST Objection**"); (vi) the *Joinder of Bradenton Fuel Oil, Inc. in Objection of Howard Fertilizer & Chemical Company, Inc. to Plan Reorganization, as Amended* (Doc. No. 245) (the "**Bradenton Objection**"); (vii) the *Joinder of Bradenton Fuel Oil, Inc. in Objection of Howard Fertilizer & Chemical Company, Inc. to Plan Reorganization, as Amended* (Doc. No. 252) (the "**2nd Bradenton Objection**"); (viii) the *Notice of Withdrawal of Objection of Howard Fertilizer & Chemical Company, Inc. to Confirmation of Debtor's Plan of Reorganization* (Doc. No. 248) (the "**Howard Withdrawal**"); (ix) the *Notice of Withdrawal of Joinder of Crop Production Services, Inc. in Objection of Howard Fertilizer & Chemical Company, Inc. to Confirmation of Debtor's Plan of Reorganization, as Amended* (Doc. No. 251) (the "**CPS Withdrawal**"); (x) the Ballot Tabulation (Doc. No. 254) filed by the Debtor; and (xi) the *Debtor's Declaration and Memorandum in Support of Confirmation* (Doc. No. 255) (the "**Confirmation Affidavit**"). Appearances were made as reflected on the record.

    The Court, having considered the Amended Plan, the Howard Objection, the Howard Withdrawal, the CPS Objection, the CPS Withdrawal, the L&M Objection, the UST Objection,

---

[1] References herein to the Amended Plan shall be to the Plan, as amended by the Amendment, Second Amendment, and Third Amendment.

the Bradenton Objection, the 2nd Bradenton Objection, the Ballot Tabulation, the Confirmation Affidavit, and the proffers and argument of counsel, and for the reasons stated orally and recorded in open court which shall constitute the decision, findings of fact, and conclusions of law of the Court, the Court finds that:

    A.    ***Jurisdiction and Venue.***  This Court has jurisdiction pursuant to 28 U.S.C. §1334 over the Debtor, the Debtor's Chapter 11 case, all Claims against the Debtor, all Creditors of the Debtor, all Holders of Claims against the Debtor; and all of the Debtor's Assets, wherever located. Confirmation of the Plan is a "core proceeding" pursuant to, and without limitation, 28 U.S.C. §§157(b)(2)(A), (L), and (O). The Court has jurisdiction to enter a final order with respect to Confirmation of the Amended Plan. Venue in this Court is proper under 28 U.S.C. §§ 1408 and 1409.

    B.    ***Terms.***  All capitalized terms used in, but not defined in, this Confirmation Order shall have the meanings ascribed to them in the Bankruptcy Code and the Amended Plan.

    C.    ***Transmittal of Solicitation Materials.***  Pursuant to the Disclosure Statement Order, copies of the Disclosure Statement, including the liquidation analysis, the Amended Plan, and the Disclosure Statement Order together with a ballot were mailed by the Debtor to all Creditors of the Debtor in compliance with the Disclosure Statement Order; the Bankruptcy Rules including, without limitation, Rule 3017(d); and the Local Rules of this Court. Appropriate affidavits and certificates have been filed in the record regarding such service. Such service was adequate, sufficient and complied with due process.

    D.    ***Adequacy of Notice.***  Timely and proper notice of the Confirmation Hearing and the time fixed for filing objections to and ballots accepting or rejecting the Amended Plan was given to all Creditors and all parties in interest. Such notice complied with due process and was

adequate and sufficient to notify all Creditors and parties in interest of the Confirmation Hearing and the objection and voting deadlines as to the Amended Plan. Such notice also complied in all respects with orders of this Court, the Bankruptcy Code, the Bankruptcy Rules, including without limitation Rules 2002, 3018, 3019, and 9006, and the Local Rules of this Court, and otherwise satisfied the requirements of due process.

   E.  ***Benefit to Creditors.*** The Amended Plan and the entire record reveal that the transactions contemplated by the Amended Plan will provide a significant benefit to all Creditors and will provide for payments to be made on account of Allowed Administrative Expense Claims, Priority Claims, Secured Claims, and Unsecured Claims.

   F.  ***Plan Compliance with Bankruptcy Code.*** The Amended Plan complies with all applicable provisions of the Bankruptcy Code, satisfying Section 1129(a)(1) of the Bankruptcy Code.

   G.  ***Plan Proposed in Good Faith.*** The Debtor has proposed the Amended Plan in good faith and not by any means forbidden by law, thereby satisfying Section 1129(a)(3) of the Bankruptcy Code.

   H.  ***Payments for Services.*** Any payment made or to be made by the Reorganized Debtor for services or for costs and expenses in connection with this Chapter 11 case, including all Administrative Expense Claims under Section 503 of the Bankruptcy Code, has been approved by, or is subject to the approval of, the Court as reasonable, satisfying Section 1129(a)(4) of the Bankruptcy Code.

   I.  ***Identity and Affiliations.*** Section 1129(a)(5) of the Bankruptcy Code is not applicable to this case.

J.      *No Government Regulation of Rates.*  Section 1129(a)(6) of the Bankruptcy Code is not applicable to this case.

K.      *Best Interest of Creditors.*  The Disclosure Statement, the Confirmation Affidavit, and the evidence proffered at the Confirmation Hearing, (a) are persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (b) either have not been controverted by other persuasive evidence or have not been challenged; (c) are based upon reasonable and sound assumptions; (d) provide a reasonable estimate of the liquidation values upon a hypothetical conversion to a case under Chapter 7 of the Bankruptcy Code; and (e) establish that each Holder of a Claim in an Impaired Class that has not accepted the Amended Plan will receive or retain under the Amended Plan, on account of such Claim, property of a value, as of the Effective Date of the Amended Plan, that is not less than the amount that such Holder would receive if the Debtor's assets were liquidated under Chapter 7 of the Bankruptcy Code on such date.  The Amended Plan, therefore, satisfies Section 1129(a)(7) of the Bankruptcy Code.

L.      *Unimpaired Classes.*  Classes 1 and 2 (collectively, the "**Unimpaired Classes**") are unimpaired under the Amended Plan as the term "unimpaired" is defined in Section 1124 of the Bankruptcy Code.  Accordingly, the Unimpaired Classes are deemed to have accepted the Plan and are not entitled to vote on the Amended Plan.

M.      *Impaired Classes.*  Classes 3, 4, and 5 (collectively, the "**Impaired Classes**") are impaired under the Amended Plan, as the term "impaired" is defined in Section 1124 of the Bankruptcy Code and were entitled to submit votes to accept or reject the Amended Plan.

N.      *Accepting Impaired Classes*.  As set forth in the Ballot Tabulation, Classes 3, 4 and 5 voted to accept the Amended Plan.  As a result, at least one Impaired Class has voted to accept

the Amended Plan, determined without including any acceptance of the Amended Plan by any insider, satisfying the requirement of Section 1129(a)(10) of the Bankruptcy Code.

O.   ***Acceptance of the Plan.***   As set forth above, Impaired Classes 3, 4, and 5 have accepted the Amended Plan.

P.   ***Treatment of Administrative Expense Claims, Priority Tax Claims, and Priority Claims.***   The treatment of Administrative Expense Claims and Priority Claims under the Amended Plan satisfies the requirements of subparagraphs (A) and (B) of Section 1129(a)(9) of the Bankruptcy Code, respectively.  The treatment of Priority Tax Claims under the Amended Plan satisfies subparagraph (C) of Section 1129(a)(9).

Q.   ***Administrative Expenses Claims.***   Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Amended Plan provides that, with respect to a Claim of a kind specified in Section 507(a)(1) of the Code, on the Distribution Date, the Holder of such Claim will receive on account of such Claim cash equal to the Allowed Amount of such Claim.

R.   ***Priority Claims.***   Except to the extent that the Holder of a particular Claim has agreed to a different treatment of such Claim, the Amended Plan provides that, with respect to a Claim of a kind specified in paragraphs (3) through (7) of Section 507(a) of the Code, on the Distribution Date, the Holder of such Claim will receive on account of such Claim cash equal to the Allowed Amount of such Claim.

S.   ***Feasibility.***   The Amended Plan satisfies Section 1129(a)(11) of the Bankruptcy Code.  The Disclosure Statement, Confirmation Affidavit, and proffers made at the Confirmation Hearing: (a) are persuasive, credible, and accurate as of the dates prepared, presented, or proffered; (b) either have not been controverted by other persuasive evidence or have not been challenged;

(c) are based upon reasonable and sound assumptions; and (d) establish that the Amended Plan is feasible.

T. ***Payment of Fees.*** To the extent that all fees payable to the United States Trustee under 28 U.S.C. §1930(a)(6) have not been paid, the Amended Plan and this Confirmation Order provide for the payment of all such fees due on or before the Effective Date of the Amended Plan and as they come due after the Effective Date. Accordingly, the Amended Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

U. ***Retiree Benefits.*** Section 1129(a)(13) of the Bankruptcy Code is not applicable to this case.

V. ***Post-Petition Domestic Support.*** Section 1129(a)(14) of the Bankruptcy Code is not applicable to this case.

W. ***Objections by Unsecured Creditors.*** The Amended Plan satisfies Section 1129(a)(15) of the Bankruptcy Code. The Disclosure Statement, Confirmation Affidavit, and proffers made at the Confirmation Hearing: (a) are persuasive, credible, and accurate as of the dates prepared, presented, or proffered; (b) establish that the Debtor does not currently have or project to have any disposable income (as defined in Section 1325(b)(2) of the Bankruptcy Code) under the Amended Plan; (c) were not controverted by other persuasive evidence; and (d) establish that the Amended Plan satisfies Section 1129(a)(15) of the Bankruptcy Code.

X. ***Transfers of Property.*** Section 1129(a)(16) of the Bankruptcy Code is not applicable to this case.

Y. ***Principal Purpose***. The principal purpose of the Amended Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933,

and there has been no objection filed by any Governmental Unit asserting such avoidance. Accordingly, the Amended Plan complies with Section 1129(d) of the Bankruptcy Code.

Z. **_Executory Contracts and Unexpired Leases_**. All executory contracts and unexpired leases that have not been expressly assumed by the Debtor with the Court's approval on or before the Confirmation Date will be deemed rejected by the Debtor as of the Effective Date unless there is pending before the Court on the Confirmation Date a motion to assume such executory contracts or unexpired leases and those rejections are approved.

AA. **_Good Faith Solicitation_**. The Debtor and his Bankruptcy Counsel have solicited votes to accept or reject the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order, and are therefore entitled to the protections afforded by Section 1125(e) of the Bankruptcy Code.

The Court, having made the following findings, it is

**ORDERED** that:

1. The Debtor has met his burden of proving all of the elements of Section 1129(a) of the Bankruptcy Code except for 1129(a)(2). The Plan satisfies the requirements of Section 1129(a)(1), and 1129(a)(3) through (a)(16) of the Bankruptcy Code. The Court shall conduct a continued preliminary hearing **May 30, 2018, at 9:30 a.m.** to determine whether the Plan meets the requirements of Section 1129(a)(2) of the Bankruptcy Code.

2. The UST Objection is sustained solely with respect to the objection to Article 11.03 of the Plan such that Article 11.03 of the Plan is stricken. The balance of the UST Objection is overruled. In lieu of Article 11.03 of the Plan, the Debtor, the plan funder—John Falkner, and Stichter, Riedel, Blain & Postler, P.A. and its officers, directors, and employees, shall be entitled to the protections set forth in Section § 1125(e) of the Bankruptcy Code. Furthermore, no suit, action,

complaint, claim, proceeding, or the like may be commenced against the Debtor, the plan funder—John Falkner, or Stichter, Riedel, Blain & Postler, P.A. or its officers, directors, or employees without first obtaining an order of this Court.

3. The Howard Objection and the CPS Objection were withdrawn prior to the Confirmation Hearing. The L&M Objection and the Bradenton Objection are overruled, except with respect to the argument that the Amended Plan does not satisfy Section 1129(a)(2) of the Bankruptcy Code because the Debtor failed to turn over the proceeds of a BP Oil claim and the proceeds of a claim under the Perishable Agricultural Commodities Act, which argument is preserved and shall be heard on May 30, 2018.

*Attorney Amy Denton Harris is directed to serve a copy of this order as set forth herein and file a proof of service within 3 days of entry of the order.*